# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PAUL JOHN DINOBILE<br>and CLAIRE DINOBILE,<br><br>Plaintiffs,<br><br>v.<br><br>ARGENT MORTGAGE COMPANY, LLC,<br><br>Defendant. | C.A. No. 07-219-S |

## ANSWER TO COMPLAINT AND COUNTERCLAIM

Defendant Argent Mortgage Company LLC ("Argent") by and through its undersigned attorneys, hereby answers the Complaint brought by Plaintiffs Paul John Dinobile and Claire Dinobile.

Except as expressly admitted or denied herein below, Argent is without knowledge or information sufficient to form a belief as to the truth of the allegations of each and every paragraph of the Complaint.

## INTRODUCTION

1. Paragraph 1 of the Complaint contains Plaintiffs' characterization of this action to which no responsive pleading is required.

## JURISDICTION AND VENUE

2. Paragraph 2 of the Complaint consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Argent does not contest the Court's subject matter jurisdiction over this matter.

3. Paragraph 3 of the Complaint consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Argent does not contest that venue is proper in this District.

**PARTIES AND FACTS**

4. Argent is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5. Argent admits that on or about February 9, 2005, Plaintiffs Paul J. Dinobile and Claire Dinobile became the obligors and mortgagors under a certain note and mortgage on property located at 415 Farnum Pike, Smithfield, Rhode Island. Argent is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 5 of the Complaint.

6. Argent admits that Plaintiffs Dinobile received or signed certain documents, including but not limited to, a Note in the principal amount of $165,750.00, a Mortgage, a Truth-in-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, and a HUD-1 Settlement Statement. Argent is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 6 of the Complaint.

7. Argent admits that it received the document attached as Exhibit 2 to the Complaint and that the document speaks for itself as to its content. Argent denies that Plaintiffs have an extended right to rescission and denies that their proposed exercise of any such right is valid. Argent denies the remaining allegations set forth in paragraph 7 of the Complaint.

**DEFENDANT**

8. Argent states that it is a Delaware corporation with a principal place of business at 3 Park Plaza, Irvine, CA 92868 and denies the remaining allegations set forth in paragraph 8 of the Complaint.

9. Argent admits that it makes residential mortgage loans, which are secured by real property and through which loans borrowers may finance the purchase of residential property or refinance their existing residential mortgage loans.

10. Paragraph 10 of the Complaint consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Argent admits that it is a creditor within the meaning of the Truth in Lending Act.

11. Argent denies the allegations set forth in paragraph 11 of the Complaint.

**COUNT I – TRUTH-IN-LENDING ACT**

12. Argent reavers and incorporates by reference as if fully set forth herein its responses to each of the preceding paragraphs.

13. Argent admits that Plaintiffs' mortgage loan was secured by their property located within the State of Rhode Island and that the loan in question was not for purpose of the initial acquisition or construction of this property. The remaining allegations contained in paragraph 13 of the Complaint consist of legal conclusions to which no responsive pleading is required and the statutes and regulations referenced by Plaintiffs speak for themselves as to their content. To the extent a further response is required, Argent is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 13 of the Complaint.

14. Argent denies the allegations set forth in paragraph 14 of the Complaint.

15. Argent denies the allegations set forth in paragraph 15 of the Complaint.

16. Argent denies the allegations set forth in paragraph 16 of the Complaint.

17. Argent denies the allegations set forth in paragraph 17 of the Complaint.

18. Paragraph 18 consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Argent asserts that the statute referenced in paragraph 18 speaks for itself as to its content.

19. Paragraph 19 consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Argent asserts that the statute referenced in paragraph 19 speaks for itself as to its content.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted against Argent.

**SECOND AFFIRMATIVE DEFENSE**

The Plaintiffs' claims are barred from recovering any relief by the doctrines of waiver, estoppel and ratification for any purported claim alleged in the Complaint.

**THIRD AFFIRMATIVE DEFENSE**

The Plaintiffs' claims are barred or limited by the application of the doctrine of failure to mitigate damages.

**FOURTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims are barred by the applicable statutes of limitation, by the application of the doctrine of laches, by the doctrine of equitable subrogation and by the application of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims are barred by the applicable Statute of Frauds and/or the parol evidence rule.

**SIXTH AFFIRMATIVE DEFENSE**

Any damages were the result of acts or omissions on the part of the plaintiffs or third parties, the actions of which Argent is not responsible.

**SEVENTH AFFIRMATIVE DEFENSE**

Any claims by the Plaintiffs under the federal Truth-in-Lending Act, 15 U.S.C. § 1635 *et seq.* are barred to the extent that any material acts or omissions were made in good faith in conformity with rules, regulations, or interpretations of the Federal Reserve Board.

**EIGHTH AFFIRMATIVE DEFENSE**

Any claims by the Plaintiffs under the federal Truth-in-Lending Act, 15 U.S.C. § 1635 *et seq.* are barred to the extent that the alleged violations were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures to avoid such error.

**NINTH AFFIRMATIVE DEFENSE**

Argent is not liable for any claims by the Plaintiffs because Argent's conduct and disclosures at all times complied, and were in good faith conformity, with all applicable contracts, laws and regulations.

**TENTH AFFIRMATIVE DEFENSE**

Argent hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery proceedings in this case and hereby reserves its right to amend the Answer and assert such defenses.

WHEREFORE, Defendant Argent Mortgage Company respectfully requests that the Court:

A. Enter judgment in its favor on all counts of the Complaint;

B. Dismiss the Complaint with prejudice;

C. Award Argent its costs and expenses, including attorneys' fees, incurred in this action; and

D. Grant such other relief as the Court deems as just and proper.

## COUNTERCLAIM

Pursuant to Rule 13(e) of the Federal Rules of Civil Procedure, the Defendant/Counterclaimant, Argent Mortgage Company, Inc. ("Argent") hereby brings this Counterclaim against Plaintiffs/Defendants-in-Counterclaim, Brian and Cynthia Dixon ("Plaintiffs"), and states:

1. Argent is a Delaware corporation with its principal place of business in California and is qualified to do business in Rhode Island.

2. Upon information and belief, Plaintiffs Paul J. and Claire Dinobile reside in Smithfield, Rhode Island.

3. On or about February 9, 2005, Plaintiffs Dinobile obtained a residential mortgage loan from Argent in connection with property located at 415 Farnum Pike, Smithfield, Rhode Island.

4. On or about August 1, 2006, Plaintiffs Dinobile sent Argent a letter purporting to rescind their mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23.

5. Plaintiffs have filed suit against Argent alleging that Argent had failed to adequately indicate the date by which Plaintiffs' rescission period expired in connection with the subject loan.

6. Argent has provided Plaintiffs with all required disclosures with respect to the subject loan, and Plaintiffs are not entitled to rescind their loan under 15 U.S.C. § 1635, Regulation Z, § 226.23.

**COUNT I – DECLARATORY JUDGMENT PURSUANT TO DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201**

7. Argent repeats and realleges the allegations set forth in each of the preceding paragraphs.

8. By virtue of the Plaintiffs' letter seeking rescission of their mortgage loan, actual controversies have arisen and exist between Argent and the Plaintiffs regarding whether they have a right to rescind the subject loan under 15 U.S.C. § 1635, Regulation Z, § 226.23.

9. Plaintiffs allege that Argent violated 15 U.S.C. § 1635, Regulation Z, § 226.23 by failing to disclose adequately the date by which Plaintiffs' right to rescind expired on the Notice of Right to Cancel, which allegations Argent denies.

10. Argent has provided the Plaintiffs with all required disclosures with respect to the subject loans, and the Plaintiffs have no basis for rescission of the loan.

11. Argent hereby seeks a declaration of the rights, duties, and liabilities of the parties with respect to the Plaintiffs' letter of rescission of their loan, including, without limitation, a declaration that the Plaintiffs are not entitled to rescind the subject loan.

**RELIEF REQUESTED**

WHEREFORE, Defendant/Counterclaimant Argent respectfully requests that the Court:

A. Enter a declaration that the Plaintiffs are not entitled to rescind their mortgage loan with Argent and that alternatively, any such rescission should require a mutual exchange of monies and property by the parties through escrow.

B. Award such additional relief as the Court may deem just and proper.

ARGENT MORTGAGE COMPANY, LLC

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Steven E. Snow
Steven E. Snow (#1774)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
ses@psh.com

DATED: July 17, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of July, 2007, I electronically filed the foregoing ANSWER TO COMPLAINT AND COUNTERCLAIM with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:

Christopher M. Lefebvre, Esq.
Claude Lefebvre, Esq.

/s/ Steven E. Snow

928843_1/3922-10